WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sam Lopez, et al.,

Plaintiffs,

v.

Farm Bureau Property & Casualty Insurance Company, et al.,

Defendants.

No. CV-18-02555-PHX-SMB

**ORDER**

Pending before the Court is Plaintiffs' Motion to Remand (Doc. 14, "Mot."). Defendant filed a Notice of Removal (Doc. 1, "Notice"). Plaintiffs filed the Motion to Remand on August 29, 2018, Defendant filed an opposition to Plaintiffs' Motion to Remand on September 12, 2018 (Doc. 16, "Resp."), and Plaintiffs filed a reply on September 19, 2018 (Doc. 18, "Reply"). Plaintiffs assert that the case should be remanded because the amount in controversy is not more than $75,000 and because the notice of removal was untimely.

For the reasons stated below, Plaintiffs' Motion to Remand is GRANTED.

**I.  Background**

Plaintiffs filed the Complaint on June 25, 2018 in state court. The Complaint was served on the Arizona Department of Insurance (DOI), the statutory agent for Defendant Farm Bureau, on July 10, 2018. Defendant Farm Bureau filed a Notice of Removal on August 10, 2018. When Farm Bureau actually received the Complaint is unknown. Farm

Bureau says that they received the Complaint on July 13, 2018 but have provided no evidence of that—no affidavit or no document with a received stamp.

**II.     Legal Standard**

"Under 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686–87 (9th Cir. 2007). Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"When the amount in controversy is in dispute or unclear, 'the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction.'" *Int'l Tech. Coatings, Inc. v. Trover*, No. 2:12-CV-01007-JAT, 2012 WL 2301382, at *2 (D. Ariz. June 18, 2012) (quoting *Gaus*, 980 F.2d at 566). "In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).

The defendant has the burden of proving that removal to federal court is proper and must show by a preponderance of the evidence that the "amount in controversy" requirement has been satisfied. *Id.* at 376. The requirement that a removing party establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 is met if: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Bourne v. Wal-Mart*

*Stores, Inc.*, 582 F. Supp. 2d 828, 839 (E.D. Tex. 2008).

Under 28 U.S.C. § 1446(b)(1), notice of removal "shall be filed within 30 days after the receipt [of a copy of the initial pleading] by the defendant." The 30-day removal period begins when a defendant receives actual notice of the complaint. *See Torres v. Transguard Ins. Co. of Am.*, No. CV-13-01578-PHX-ROS, 2013 WL 12112576, at *1 (D. Ariz. Oct. 8, 2013).

**III. Analysis**

    **a. Amount in Controversy**

The amount in controversy is not clear from the face of the Complaint. In the Complaint, Plaintiffs ask for general and special damages for the contract and/or tort damages, compensatory damages for mental and emotional distress, punitive damages, and other damages. Plaintiffs rely heavily on the fact that their offer of judgment is for $74,000 to argue that this Court does not have jurisdiction. An offer of judgment can be relevant evidence of the amount in controversy. *O'Bresley v. Farm Bureau Prop. & Cas. Ins. Co.*, No. CV-18-02553-PHX-DLR, 2018 WL 6061298, at *3 (D. Ariz. Nov. 20, 2018) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). In *O'Bresley*, the defendants made almost the exact same argument citing to the same evidence. *Id.* at *2. The Court in *O'Bresley* found the offer of judgment to be relevant especially in light of the fact that defendants rejected the offer, indicating that they thought the offer was too high. *Id.* at *3. Here, the offer of judgment was for $74,000 and was not accepted.

Defendant cites to the Sworn Statement in Proof of Loss to support their argument for jurisdiction. (Resp. at 7). That statement contains estimates totaling up to $48,880.30, well below the jurisdictional limit. The defendant then argues that the other damages sought by Plaintiffs could easily increase the amount in controversy above $75,000. (Resp. at 8–9). They provided no evidence to support that calculation. Defendant also provided supplemental evidence consisting of Plaintiffs' responses to Mandatory Initial Discovery Requests. (Doc. 29). Defendant argues that Plaintiffs claim in the response that one estimate for the repair was $75,326.43 and another estimate was $106,063.60. This

evidence does not prove that the amount in controversy exceeds $75,000 because Defendant has already paid part of the claim so the dispute is only over the differences in the estimates and the amount paid. (Doc. 1-3 at 10). In the computation of damages provided by Plaintiffs is a request for $23,446.70 in content damages and $25,433.60 in building damages and extra-contractual damages in an amount to be determined. This is well under the $75,000 jurisdictional limit. Defendant asks this Court to speculate that extra-contractual damages would be above $26,000, which the Court will not do. Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit.

### b. Timeliness of Notice of Removal

Defendant has made this analysis perhaps more difficult than need be because they failed to file any proof of when they received actual notice. It is undisputed that under A.R.S. §20-222, the only way Plaintiffs could serve Defendant was through the Arizona Department of Insurance and that service on DOI occurred on July 10, 2018. Section §20-222(A) then requires the director of DOI to forward a copy of the legal paperwork to the insurer by registered mail. There would be some delay from mailing, but the Court has no way of knowing whether that delay was one day or three days. However, even if there was only a one-day delay, the Notice of Removal would have been timely.

Accordingly, **IT IS ORDERED**:

1. That Plaintiffs' Motion to Remand (Doc. 14) is **GRANTED**; and
2. That the Clerk of Court shall remand this case to Maricopa County Superior Court and terminate this action.

Dated this 25th day of February, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge